Parker C. J.
delivered the opinion of the Court. Supposing that Thomas Cushing acquired a title to this laud by the levy of his execution thereon, he having before a mortgage of the same land from Thacher the former owner, the question is, which of Cushing’s two creditors, the demandant or the tenant in this action, has acquired a legal title against the other. The demandant holds under a mortgage deed from Cushing, and the tenant under a levy of an execution. The premises thus levied on had been attached, and that attachment, if good at the time, continued in force until the levy. It is agreed that the attachment was made before the deed was recorded, but not until after it was executed and delivered. The case then turns upon the knowledge of the tenant, of a title in the demandant, when he caused his attachment to be made. If when he set out to make this attachment, the title to the land had passed from Cushing to the demandant by an actual delivery of the deed, then to intercept him by an attachment before he could, with all due diligence, procure a registry of his deed, might, according to the case of Priest v. Rice, be fraudulent, and his attachment would fail. But here the deed was only about being made, and this fact the tenant *268 knew; his case therefore is not determined by Priest v Rice He had a right to try his speed in this case, as much as if the demandant had been about obtaining his security by attachment, and while his writ was preparing, the tenant had been more expeditious and had procured the first attachment; and there is no more appearance of fraud, than there would have been if the demandant, knowing that the defendant was preparing to attach, had procured a deed and caused it to be recorded before the writ could be served.* [1] The case of Priest v. Rice goes upon the ground, that a complete title had vested in the grantee against the grantor and his heirs, which was fully known to Rice, the attaching creditor. It was considered, that the effect of this knowledge upon Rice’s attachment, was' the same as it would have been upon a title acquired by a deed made by the debtor, and registered before the prior deed to the demandant.
The principle which is to govern this case, was settled in Warden v. Adams, 15 Mass. R. 233. The demandant Warden, and Hamilton, the lessor of the tenant Adams, were both creditors of Earle, who he.ld a mortgage of the land of Adams. Two of the six notes which were secured by the mortgage, were intended to be assigned to Warden, and also the mortgage deed ; all of which were put into the hands of a scrivener for the purpose of having the assignment written. One of the notes had been assigned to Hamilton, who, knowing of the intention of Earle to make the assignment of the mortgage to Warden, and knowing that the papers were lodged with a scrivener for that purpose, procured an assignment on a sepárate paper, before the transaction was complete in favor of Warden. It was held that Hamilton had lawful right, by his diligence, to supplant Warden, and his right to the mortgage was established. It is not therefore the knowledge of an intent to convey or attach, which will prevent the legal effect of an attachment by another creditor, which gets to be first in point of time, but the knowledge of an actual passing of the title, which is complete against every one with notice, whether by registry or personal.[1]
*269 It has been argued, that he who has fairly obtained a deed from a failing debtor, should have reasonable time to get his deed recorded ; but there is nothing to warrant this position against subsequently attaching creditors, or subsequent purchasers, without notice.[2] If such were the law, the intention of the registry act would fail. The reasonable time, which has been mentioned in some of the cases, is applicable only to cases of constructive fraud which may be rebutted by such loches as would give ground to believe that the bargain had been rescinded, there being no registry of the deed, and no change of possession in the land conveyed.

Judgment for the tenant.

 See M'Gregor v. Brown, 5 Pick. 174,175.

 See Brackett v. Waite, 6 Vermont R. 411; Denton v. Perry, 5 Vermont *269 R. 382; M'Mechan v. Griffin, 3 Pick. (2nd ed.) 154, 157, notes, and cases there collected; Warden v. Adams, 15 Mass. R. (Rand’s ed.) 237, n. (b.) Stewart v. Thompson, 3 Vermont R. 264

 See 4 Kent’s Comm. (3d ed.) 457.